MICHAEL J. ROESSNER, DC SBN 501875
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>MICHAEL G. MOORE,<br><br>Defendant/Respondent. | Case No.:<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(C) OF THE SECURITIES ACT AND SECTION 21(E) OF THE EXCHANGE ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER** |

The Plaintiff/Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by the Defendant/Respondent, Michael G. Moore ("Moore" or "Respondent"), with a final Commission order entered against him on February 24, 2021.  This order required Moore to pay a civil penalty of $88,248 with additional interest pursuant to 31 U.S.C. § 3717, and injunctive relief.

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission entered on consent, which found that Moore violated Sections 17(a)(3) of the Securities Act and Section 14(a) of the Exchange Act, and Rules 13b2-1, 14a-3, and 14a-9 thereunder and caused

Gulfport Energy Corporation ("Gulfport") to violate Sections 13(a) and 13(b)(2)(A) of the Exchange Act, and Rules 12b-20 and 13a-1 thereunder.

2. Respondent has failed, refused, and neglected to comply with the Commission Order in that he has not paid any portion of the penalty imposed upon him.

3. The Commission seeks by this action to compel Moore to comply with the Commission Order.

**PARTIES**

4. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

5. Michael G. Moore, age 65, is a resident of Phoenix, Arizona. Moore was Gulfport's Chief Executive Officer ("CEO") from 2014 to October 2018. Prior to being CEO, Moore was Gulfport's Chief Financial Officer from 2000 to 2014. Moore was also a member of Gulfport's Board of Directors from 2014 through October 2018.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act.

7. Venue lies in the District of Arizona under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act. Respondent is "found" or is an "inhabitant" of this District.

**STATEMENT OF RELEVANT FACTS**

8. The Commission Order arose from Moore's role in Gulfport's failure to disclose in its definitive proxy statements and annual reports from 2014 through 2018 certain perquisites paid to Moore and related-person transactions while he was Gulfport's CEO and a member of its Board of Directors. From the time Moore became CEO in 2014 until his resignation in October 2018 (the "Relevant Period"), Moore: (1) caused Gulfport to incur approximately $650,000

worth of charges by traveling on chartered aircraft for reasons that were not integrally and directly related to the performance of his CEO duties; and (2) used a Gulfport corporate credit card for personal expenses that he did not repay timely, which resulted in Gulfport extending Moore interest-free credit and carrying a related person account receivable. Additionally, during 2015, Gulfport paid Moore's son's company approximately $152,000 to provide landscaping services. Throughout the relevant period, Moore failed to provide required information to enable Gulfport to identify these perquisites and related-party transactions, and as a result, Gulfport made material misstatements in its annual reports and definitive proxy statements. Further, Gulfport's insufficient internal accounting controls resulted in Gulfport's failure to accurately record Moore's perquisites in its books and records.

9. Based on the foregoing, Respondent violated Section 17(a)(3) of the Securities Act and Section 14(a) of the Exchange Act, and Rules 13b2-1, 14a-3 and 14a-9 thereunder and caused Gulfport to violate Sections 13(a) and 13(b)(2)(A) of the Exchange Act, and Rules 12b-20 and 13a-1 thereunder.

10. As set forth in the Commission Order, entered with Moore's consent, the Commission required Moore to pay a civil money penalty of $88,248, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief.

11. The injunctive relief granted was the following: ordering Respondent to cease and desist from committing or causing any violations and any future violations of Section 17(a)(3) of the Securities Act and Sections 13(a), 13(b)(2)(A) and 14(a) of the Exchange Act, and Rules 12b-20, 13a-1, 13b2-1, 14a-3 and 14a-9 thereunder.

12. Respondent did not seek review of the Commission Order, and his time to do so has expired.

13. Respondent has not made any payment on the Commission Order, which remains due and owning with additional interest.

## ARGUMENT

14. The Commission brings this proceeding under Section 20(c) of the Securities Act, and Section 21(e) of the Exchange Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

15. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

16. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

17. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondent to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Moore to pay a civil money penalty of $88,248, plus outstanding interest pursuant to 31 U.S.C. § 3717, and

b. the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  May 18, 2022

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:    202.551.4347

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission